IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE IVAN LOPEZ,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )
                                   ) Civil Action No. 08-1342
DAVID GRAINEY, et al.,             ) Judge McVerry
                                   ) Magistrate Judge Lenihan
                                   )
            Defendants.            )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motions to Dismiss the Amended Complaint (Docs. 10 and 13) be granted.

**II. REPORT**

George Ivan Lopez ("Lopez" or "Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"). Lopez commenced this civil rights suit in the Court of Common Pleas of Greene County, Pennsylvania, and it was removed to this Court on September 26, 2008. Lopez alleges two causes of action in his Amended Complaint which he entitles "Inept Medical Care" and "Recreation Revocation" (Doc. 8, p. 1). The Defendants have filed Motions to Dismiss (Docs. 10 and 13). Lopez has responded (Docs. 19 and 20). The Motions are ripe for disposition.

Lopez alleges that he sent a sick call slip on April 1, 2007, seeking treatment for pain in his testicles (Doc. 8, p. 8). He was seen the following day by Nurse Lukas who, Plaintiff alleges, found "several lumps" on his testicles, promised to prescribe pain medication, and informed Plaintiff that she would make an appointment for him to be seen by a doctor (Id.). Plaintiff alleges that he did not, in fact, receive medical treatment, and he submitted a second sick call slip on April 15, 2007 (Id.). Plaintiff filed Grievance No. 184820 on April 30, 2007, asserting that he had not received appropriate treatment for his testicular pain. This grievance is referenced in the Complaint as Exhibit 3, but appears also as an exhibit to Plaintiff's Response to the Motion to Dismiss (Doc. 19-3, pp. 3-4).

In a response to the grievance dated May 9, 2007, Mary Reese states:

> I have been assigned to respond to your grievance #184820. In this grievance you allege retaliation for filing a civil action against medical. This is not true. All medical staff are professionals and do not practice retaliation. When you were seen on 04-02-07, Ms. Lukas instructed you that you would be seen and evaluated by the physician. She did refer you to the physician. Since it was not an emergency, your appointment would be scheduled the next available opening. This could be the next day or the next month.
>
> You also are requesting an ultrasound and surgery for your "testicular lumps." You have already had a CT scan, the results of which were normal. You were seen by the urologist and also had a cystoscopy, retrograde pyelography and genitalia exam. The results of these

procedures were also normal. The surgeon who performed
these tests stated he discussed the findings with you
and that you understood. On 05-18-07 I had you
examined by Dr. Ginchereau, the assistant medical
director for the DOC. His findings were the same as
the other physicians who had examined you. Dr.
Ginchereau stated that no further testing would be
recommended. Also, that you have been treated
properly.

(Doc. 19-3, p. 5). Plaintiff appealed the denial of his grievance, and Superintendent Folino denied the appeal on May 29, 2009, stating that Plaintiff had received appropriate medical care (Id., p. 7).

Plaintiff filed Grievance No. 188268 on May 21, 2007, while his appeal from the denial of Grievance No. 184820 was still pending. Plaintiff asserted that an unnamed prison physician examined his testicles on May 18, 2007, and that this physician did find testicular lumps, which Plaintiff asserted was inconsistent with prior examinations (such as Dr. Jin who allegedly told Plaintiff that this was a psychosomatic disorder) (Doc. 19-3, p. 16).

Plaintiff continued to complain of testicular pain and abnormalities. Specifically, on August 15, 2007, Plaintiff complained of a "New Painful Testicular Lump, the sizes [sic] of a Pea on my left Testicle" (Id., p. 11). He filed another sick call slip on August 22, 2007, complaining of "a burning feelin [sic] in my new recently found testicular lumps/cyst." (Id., p. 12). Plaintiff filed another grievance on November 11, 2007, and

Nurse Vilhidal responded on November 15, 2007, that Plaintiff had been seen by Dr. Caramanna on September 14, 2007, who examined Plaintiff and ordered a urine culture.

Plaintiff made further complaints in April, 2008 concerning his ongoing discomfort, and alleges that he was not given any treatment.

Also relevant to this case is the decision made in a previous lawsuit, Civil Action No. 06-43, in which Plaintiff raised identical claims concerning his testicles, but addressing an earlier time period. The Court reviewed the extensive documentation attached to the Complaint, dating from 2000 through 2006, and determined that Plaintiff received "extensive medical treatment" for his complaints, and, in light of this extensive treatment, found that his claim amounted to nothing more than disagreement with the medical diagnosis and treatment insufficient to state a claim under the Eighth Amendment. Civil Action No. 06-43, Doc. 73, p. 10).[1]

---

1. Courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records); Barber v. Grow, 929 F. Supp. 820, 822 (E.D. Pa. 1996) (in considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account).

A. **Applicable Standard**

The United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

B. **Analysis**

1. **Medical treatment claim.**

Lopez's medical claim is premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

In this case, even if the Court assumes a serious medical condition (although the records establish that several tests have

been performed, and these tests have failed to disclose any abnormality or treatable condition), Plaintiff has failed to allege facts that would permit a jury to conclude that the defendant prison officials <u>subjectively</u> acted with a sufficiently culpable state of mind. <u>Twombly</u>, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. <u>Young v. Quinlan</u>, 960 F.2d 351 (3d Cir. 1992). That is not the case here, however, since Plaintiff has repeatedly been seen and treated for his complaints of pain.

Here, the records attached to the Amended Complaint, along with the Court's discussion from Civil Action No. 06-43, establish that Plaintiff has consistently complained of a condition, but that years of examinations and testing have failed to disclose any objective medical evidence thereof. Nonetheless, Plaintiff has succeeded in having his testicles examined, tested, scanned, and observed on innumerable occasions. His complaint, then, is not that he was denied all treatment, but that the treatment he was provided was inadequate. Where treatment is offered, as here, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a

serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990) ( "there may ... be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983). Finally, when a physician exercises professional judgment, his behavior does not violate a prisoner's constitutional rights. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990).

With the relevant law as a backdrop -- and accepting as true the facts set out in his Amended Complaint -- the court concludes that Lopez has not sufficiently plead an Eighth Amendment claim because he only asserts that the medical treatment which has been provided to him has not afforded him relief from his symptoms. Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind.1994)("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, **nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.**")(internal citations omitted)(emphasis added). That said, the fact that a prisoner continues to suffer some level of discomfort (real or perceived) does not state a claim for deliberate indifference.

The Complaint in this case, and the exhibits attached thereto, clearly shows that Lopez has been offered medical

treatment virtually every time he has complained of pain and discomfort, even after the medical personnel had satisfied themselves that Plaintiff's condition does not warrant further treatment. Plaintiff's disagreement with the exercise of medical judgment, or his desire for a different treatment modality, cannot support a claim that Defendants were deliberately indifferent to his serious medical needs. Consequently, Lopez's Eighth Amendment claim should be dismissed with respect to all Defendants[2].

**2. Denial of outdoor recreation.**

Lopez also asserts that he was denied outdoor recreation on a handful of occasions on the allegedly fabricated rationale that he was awaiting sick call during his recreation time. Lopez asserts that he should have been rescheduled for recreation later in the day on these occasions, and that the failure to do so is cruel and unusual punishment.

To state an Eighth Amendment conditions of confinement claim, Lopez must allege both that he has been denied "the

---

2. The non-medical Defendants, who are alleged to have denied Plaintiff's grievances concerning his medical condition, have an additional basis for dismissal of the claims against them. Non-medical personnel are entitled to rely upon the medical decisions made by professionals. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In order to state a claim, the conditions cited by an inmate must be "objectively, sufficiently serious [and] must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (internal citation and quotation omitted). Only "extreme deprivations" make out a conditions of confinement claim. Hudson v. McMillen, 503 U.S. 1, 8-9 (1992). A plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36 (1993).

"In considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without those benefits." Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir.1982) (citing Hutto v. Finney, 437 U.S. 678, 685 (1978)); see also, Castro v. Cheney, No. 97-4983, 1998 WL 767467, at *6 (E.D.Pa. Nov.3, 1998). The court may also consider the extent of any injury actually incurred to determine whether the deprivation is sufficiently serious to implicate the Eighth Amendment's prohibition. Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir. 1988).

Here, Lopez has alleged, at most, a few sporadic denials of outdoor exercise. He has alleged no identifiable injury.

Further, "'isolation from companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [solitary] confinement unconstitutional absent other illegitimate deprivations.'" In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999)(quoting Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir.1975))(en banc). For the few occasions alleged in the Amended Complaint, nothing prevented Plaintiff from otherwise exercising and, as noted above, Plaintiff was awaiting medical treatment he had requested when he was denied outdoor recreation. In short, Plaintiff's allegations do not begin to make out the type of extreme deprivation necessary to state a claim under the Eighth Amendment.

### III. **CONCLUSION**

It is respectfully recommended that Defendants' Motions to Dismiss the Amended Complaint (Docs. 10 and 13) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrate Judges, objections to this Report and Recommendation are due by July 17, 2009.

June 30, 2009

Lisa Pupo Lenihan
United States Magistrate Judge

cc:
GEORGE IVAN LOPEZ
CZ-3198
175 Progress Drive
SCI Greene
Waynesburg, PA 15370